CLAUDE SMITH V. STATE

No. 29,324. December 4, 1957.

Paul W. Anderson, Marshall, for appellant.

Leon Douglas, State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of untaxed liquor; the punishment, six months in jail and a fine of $200.00.

Deputy Sheriff Ford and Liquor Control Inspector Toone testified that they went to the appellant's cafe armed with a search warrant on the day in question; that as they approached the front door they heard footsteps in the direction of the kitchen, and when they got to the kitchen they found the appellant and a boy "pretending to be wash dishes;" that in the dishpan they found dishes and a gallon pickle jar; that they took a sample of the fluid in the dishpan and had it analyzed. Each of the witnesses testified that they would not consider the fluid drinkable or a beverage.

Chemist Stinson testified that he analyzed the fluid brought him by the officers and found it to contain seven per cent of alcohol by weight but did not run a test to determine whether it was wood alcohol. He stated that the fluid also contained chili grease and a detergent. He stated that he would not consider the fluid drinkable or a beverage.

Appellant challenges the sufficiency of the evidence to sustain the conviction and relies upon McChristy v. State, 138 Texas Cr. Rep. 26, 133 S.W. 2d 976. We have concluded that his contention is well taken. In the McChristy case, the officers found "chock" beer which contained 3.53 per cent of alcohol by weight,

but each of them testified that it was not drinkable. The court held that, since the fluid was not drinkable, it was not a beverage as is defined by the liquor laws of this state.

We cannot presume against an accused facts which were not proven.

The judgment is reversed and the cause is remanded.