Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS





DANIEL "DONNIE" CARRILLO,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-01-00476-CR


Appeal from the


394th District Court


of Brewster, Texas


(TC# 3373-A)

 


M E M O R A N D U M O P I N I O N



 This is an appeal from a conviction of aggravated sexual assault. We affirm the
judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 Appellant, Daniel "Donnie" Carrillo, was found guilty by a jury of aggravated sexual
assault of a child. He was sentenced to ten (10) years' confinement in the Texas Department
of Criminal Justice, Institutional Division and fined $6,000. The victim was his nephew,
J.A.R., who was four years old at the time of the assaults. The assaults occurred while J.A.R.
visited his grandparents, Mr. and Mrs. Carrillo. J.A.R's grandparents frequently cared for
him while his parents were at work. Appellant was living with his parents, the Carrillos,
when the assaults took place. 

 Appellant filed his notice of appeal on January 11, 1999. This Court dismissed the
appeal for want of jurisdiction because the appeal was not timely filed. In April 1999, the
394th District Court of Brewster County issued an Order for Issuance of Capias for the arrest
of Appellant so that his judgment would be carried out. On December 20, 1999, Appellant
filed an application for Writ of Habeas Corpus. Appellant asserted he timely requested his
attorney file notice of appeal. An evidentiary hearing was held and the court determined
Appellant was denied his right to appeal due to the late filing of his appeal. The court also
found Appellant's attorney failed to file a motion to extend the time for filing notice of
appeal. The court held Appellant should be granted an out of time appeal, but since the court
did not have the authority to do so it ordered the record and court order be submitted to the
Court of Criminal Appeals. On October 30, 2001, the Court of Criminal Appeals granted
Appellant an out-of-time appeal. Thereafter, Appellant timely filed his notice of appeal in
this Court on November 16, 2001. (1) 

II. DISCUSSION

 Appellant presents three issues on appeal. In Issue No. One, Appellant contends the
trial court did not have venue. (2) In Issue No. Two, Appellant asserts the trial court erred in
admitting videotapes of the child victim testimony. Lastly, in Issue No. Three, Appellant
contends the evidence before the court did not support the jury's finding of guilt. 

A. Venue of Trial Court

1. Standard of Review

 As a general rule, in sexual assault cases venue is proper in the county where the
assault is committed. Tex. R. Crim. Proc. 13.15 (1998). In order to sustain the allegation
of venue, the State must have proven by the preponderance of the evidence that the county
is where the alleged offense occurred. Tex. R. Crim. Proc. 13.17 (1998). This burden of
proof may be met by either circumstantial or direct evidence. Black v. State, 645 S.W.2d
789, 793 (Tex. Crim. App. 1983); Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App.
1964). Failure to prove venue in the county of prosecution is reversible error. Edwards v.
State, 97 S.W.3d 279, 285 (Tex. App.--Houston [14th Dist.] 2003)(citing Black v. State, 645
S.W.2d 789, 791 (Tex. Crim. App. 1983). However, on appeal it is presumed venue is
proven in the trial court unless the record affirmatively shows otherwise or venue is made an
issue at trial. Id.; Tex. R. App. P. 44. 2(c)(1). The evidence presented in trial is sufficient to
prove venue if the jury "may reasonably conclude from it that the offense was committed in
the county alleged." Rippee, 384 S.W.2d at 718; Black, 645 S.W.2d at 793. 

2. Analysis 

 The record indicates venue was made an issue during trial. Before the trial concluded,
Appellant made a motion for instructed verdict of not guilty on the basis the State failed to
prove venue. Specifically, Appellant asserted the State failed to provide testimony showing
as a matter of law the offense occurred in Brewster County, Texas. Although the trial court
overruled Appellant's motion, a motion for instructed verdict expressly challenging proof of
venue timely raises and preserves the issue for appeal. Ybarra v. State, No. 08-00-00537-CR,
2003 WL 550285 *6 (Tex. App.--El Paso Feb. 27, 2003) (citing Black, 645 S.W.2d at 792-93; Valdez, 993 S.W.2d 346, 349 (Tex. App.--El Paso 1999, pet. ref'd)). 

 Since venue was made an issue at trial, this Court cannot presume venue was
sufficiently proved by the State. Black, 645 S.W.2d at 793. However, based upon the record,
we find the State sufficiently proved venue for the following three reasons. First, the victim,
J.A.R., testified the assaults occurred at his grandparents house. J.A.R. testified:

Q: Do you know where this defendant lives?


A: (Witness nods affirmatively.)


Q: Okay. Where does he live?


A: In a brick house.


Q: Okay. And who lives there with him?


A: Mom and pape. (3)
 


***

Q: [J.A.R.], I hate to ask you these questions, but did anything bad ever
happen to you at your mommy and pape's house?


A: (Witness nods affirmatively.)


Q: You're going to have to answer?


A: Yes. 


Second, Margarita Carrillo, J.A.R.'s grandmother, testified she lived in Alpine. (4) Lastly,
J.A.R.'s mother, Mrs. Carmen Rodriguez testified her parents lived in Alpine, Texas, which
was located in Brewster County. (5) Thus, we find a jury could reasonably conclude the alleged
abuse occurred within Brewster County because witness testimony indicated the abuse
occurred at the grandparent's home in Alpine, Texas. Accordingly, Appellant's Issue No.
One is overruled.


B. Trial Court's Admission of Videotape and Outcry Testimony 

1. Standard of Review

 Complaints regarding the admission of evidence are subject to an abuse of discretion
standard of review. Sanders v. State, 25 S.W.3d 854, 857 (Tex. App.--Houston [14th Dist.]
2000, pet. dism'd) (citing Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993);
Araiza v. State, 929 S.W.2d 552, 554 (Tex. App.--San Antonio 1996, pet. ref'd)). A trial
court abuses its discretion if it applies an erroneous legal standard or when no reasonable
review of the record could support the trial court's conclusion. Sanders, 25 S.W.3d at 857. 
Furthermore, this Court must uphold the lower courts ruling if it was within the zone of
reasonable disagreement. Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000)
(citing Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)). 

2. Background

 A short while after the abuse was reported to the authorities, J.A.R.'s parents, Mr. and
Mrs. Rodriguez took him to Harmony Home Children's Advocacy Center. The videotape
interview of J.A.R was conducted at Harmony Home. At trial, the State offered the
videotape of the child's testimony under Article 38.071, Section 5 of the Code of Criminal
Procedure. Section 5(a) states:

On the motion of the attorney representing the state or the attorney
representing the defendant and on a finding by the court that the following
requirements have been substantially satisfied, the recording of an oral
statement of the child made before a complaint has been filed or an indictment
returned charging any person with an offense to which this article applies is
admissible into evidence . . . 


Tex. Code Crim. Proc. Ann. art. 38.071 § 5 (1998). Before the tape was submitted to the
jury, Appellant made several objections to the admission of the videotape. Appellant
objected to the submission of the videotape on the following grounds: 

1. Witness was not properly qualified.

2. Witness did not admonish the child.

3. State failed to notify Appellant and the trial court that the tape existed and
it would be used at the trial. 

4. There was no predicate or foundation. 

5. The interviewer was not a neutral person. Upon review of Appellant's objections, the trial court found the videotape met the
requirements of the Article 38.071 and allowed the jury to view the taped interview. 

3. Admission of the Videotape

 Appellant contends the trial court erred in admitting the videotaped testimony of
J.A.R. because the child testified at the trial. Appellant also contends the evidence did not
support the court's admission of the tape on the basis of Article 38.071. Appellant argues
the tape was erroneously admitted under Article 38.071 because it did not meet the
requirements of Section 5, such as, the defense counsel never received a copy of the
videotape, child was not admonished, and child was not competent to testify. 

 Before this Court can determine whether the trial court erred in admitting the
videotape, Appellant must have preserved the error for appellate review. To preserve error
for appellate review, the complaining party must make a specific objection and obtain a
ruling on the objection. Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)(citing
Broxton v. State, 909 S.W.2d 912, 918 (Tex. Crim. App. 1995)). Furthermore, the point of
error on appeal must comport with the objection made at trial. Wilson, 71 S.W.3d at 349
(citing Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)). Here, Appellant
made six objections regarding the submission of the videotape to the jury, none of which
pertained to the availability of J.A.R. to testify at trial. See supra. Therefore, we find that
Appellant failed to preserve this error for appeal because no objection was made regarding
J.A.R.'s availability to testify during the trial. 

 In addition, Appellant contends the evidence did not support the admission of the tape
on the grounds of Article 38.071. The trial court found the evidence did support the tape's
admission under Article 38.071 because it met the requirements of Section 5(a) points 1
through 12. However, we find this article was inapplicable. Section 1 of Article 38.071
states:

This article applies only to a proceeding in the prosecution of an offense
defined by any of the following sections of the Penal Code if the offense is
alleged to have been committed against a child 12 years of age or younger and
if the trial court finds that the child is unavailable to testify at the trial of the
offense, and applies only to the statements or testimony of that child". Tex.
Code. Crim. Proc. Ann. art. 38.071 § 1 (1998) [Emphasis added]. 


Article 38.071 was inapplicable because the trial court never found J.A.R. was unavailable
to testify and J.A.R. actually did testify at trial. Matz v. State, 21 S.W.3d 911, 912 (Tex.
App.--Fort Worth 2000, pet. ref'd)(Article 38.071 is inapplicable when the child victim is
available to testify). Thus, the videotape was inadmissible under Article 38.071. 

 Since the videotape was inadmissible, we must review the trial court's error of
admission under Appellate Rule of Procedure 44.2(b). Rule 44.2(b) requires a harm analysis
to determine whether the error effected Appellant's substantial rights. Matz v. State, 21
S.W.3d at 912; Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998); Couchman
v. State, 3 S.W.3d 155, 160 (Tex. App.--Fort Worth 1999, pet. ref'd). If the error did not
affect Appellant's substantial rights, then this Court must disregard the error. Tex. R. App.
P. 44.2(b); Matz, 21 S.W.3d at 912. "A substantial right is affected when the error had a
substantial, injurious effect or influence on the jury's verdict." Matz, 21 S.W.3d at 912; King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997)(citing Kotteakos v. United States, 328
U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); Coggeshall v. State, 961 S.W.2d
639, 643 (Tex. App.--Fort Worth 1998, pet. ref'd). 

 However, improper admission of evidence does not constitute reversible error if the
same facts are proven by other properly admitted evidence. Matz, 21 S.W.3d at 912;
Couchman, 3 S.W.3d at 160; Anderson v. State, 717 S.W.2d 622, 628 (Tex. Crim. App.
1986). In Matz, the defendant appealed his conviction of aggravated sexual assault. Matz,
21 S.W.3d at 911. Matz asserted the trial court erred in admitting the videotape of the child
victim because the evidence was hearsay. Id. The Court of Appeals held the wrongful
admission of the videotape did not affect Matz' substantial rights because the testimony of
the children on the tape was essentially the same as their trial testimony. Matz, 21 S.W.3d
at 912-13.

 This case is similar to Matz because the trial court's admission of the videotape did
not affect Appellant's substantial rights because the facts provided on the tape were
duplicated by J.A.R.'s live testimony. J.A.R. testified on the videotape to the following: (6) 

1. Donnie "put his weenie in my butt."

2. The abuse happened at his grandmother's house.

3. The abuse occurred while J.A.R. was laying down.

4. The abuse occurred more than once.


The testimony provided by J.A.R. was cumulative to his testimony provided at trial. At trial,
J.A.R. testified:

Q: [J.A.R], can you tell the ladies and gentlemen of the jury what the bad
things were that happened at your mommy and pape's house?


A: Yes.


Q: Okay. Well, tell them what happened.


A: Donnie stick his weenie in my butt. 


* * *


Q: Did this happen more than one time?


A: Yes.


Q: Do you know how many times it happened?


A: (Witness nods affirmatively.)


Q: How many times do you remember it happening?


A: Five.


Q: When you said that Donnie stuck his weenie in you, did you see him? Did
you see his weenie?


A: (Witness nods negatively.)


Q: Okay. What did he make you do when he put his weenie in you?


A: Lean down.


Mr. Barclay: I'm sorry I didn't hear you.


The Witness: Lay down. 


Q: He made you lay down?


A: (Witness nods affirmatively.) 


Thus, the facts presented on the tape were properly proved through J.A.R.'s live testimony
and the trial court's error in admitting the videotape did not affect Appellant's substantial
rights. Accordingly, this Court must disregard the error. Tex. R. App. P. 44.2(b). 

4. Admission of Outcry Statement

 Appellant contends the trial court erroneously admitted outcry statements made by
J.A.R.'s father. Specifically, Appellant contends the trial court erred in allowing J.A.R's
father to testify his son told him Donnie was mean to him. Appellant contends the father's
statement was inadmissible because the trial court failed to find in a "hearing conducted
outside the presence of the jury, that the statement is reliable based on time, content, and
circumstances of the statement." Tex. Code Crim. Proc. Ann. art. 38.072 § 2(b)(2) (1998). 



 Before we can begin our analysis to determine if the trial court erred in the admission
of the hearsay statement, Appellant must have preserved the error for appeal. Under Texas
Rule of Appellate Procedure 33.1, preservation of error requires:

1. The complaint was made to the trial court by a timely request, objection, or
motion.

2. The trial court ruled on the request, objection, or motion either expressly or
implicitly; or refused to rule on the request, objections, or motion, and the
complaining party objected to the refusal. 


Tex. R. App. P. 33.1(a)(1) & (a)(2)(A) & (a)(2)(B) (2002); Davis v. State, 104 S.W.3d 177,
179-80 (Tex. App.--Waco 2003, no pet. h.); Gutierrez v. State, 36 S.W.3d 509, 510 (Tex.
Crim. App. 2001). The record states the following: 

Q: Okay. Can you tell the ladies and gentlemen of the jury the events that
took place on November the 20th of 1997?


A: Yes, sir. My parents had just gotten a new car, it was a Camero. And so
I had gotten home from work and my son just said he wanted to go see his
grandpa's car to go for a ride because he was all excited about it. And I got
home. I said let's go to grandpa's and-that's my dad's-and so we got there. 
And on our way up there, I go did you tell your grandma-(Weeping). "did you
tell - did you tell - did you tell your grandma?" And he says " yeah, I did" and
then I go "did you tell Donnie" and he goes "no". And I go "why not" and he
goes "because he's mean to me" and I said "what do you mean? Does he hit
you?" Because I figured he just might hit him or something because [J.A.R.]
can be jumping around on people and stuff and then I go "does he touch you?"
And usually I try to be open with [J.A.R.] about this-


Mr. Barclay: Wait. Object to the hearsay, your Honor.


The Court: Mr. Jepson.


Q: After continuing to speak to [J.A.R.], did you become alarmed by what he
told you?


A: Yes, sir. 


Although the record reflect's Appellant timely objected to Mr. Rodriguez's testimony as
hearsay, Appellant's attorney failed to get the trial court to rule on the objection. Rather than
ruling on the objection, the court just stated the name of the State's attorney. In failing to get
the trial court to sustain, overrule, or even refuse to rule on the objection, Appellant has
failed to preserve this issue for appeal. 


 Accordingly, we overrule Appellant's Issue No. Two because Appellant failed to
preserve error and the trial court's admission of the video tape did not affect Appellant's
substantial rights. 

C. Legal Sufficiency of the Evidence


1. Standard of Review


 In reviewing the legal sufficiency of the evidence, this Court views the evidence in
a light most favorable to the verdict to determine whether any rational trier of fact could find
the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); Geesa v. State, 820
S.W.2d 154, 159 (Tex. Crim. App. 1991), overruled on other grounds; Paulson v. State, 28
S.W.3d 570 (Tex. Crim. App. 2000). The jury is the sole judge of the weight of the evidence
and may choose to believe all, some, or none of it. Moore v. State, 935 S.W.2d 124, 126
(Tex. Crim. App. 1996), cert. denied, 520 U.S. 1219, 117 S.Ct. 1711, 137 L.Ed.2d 835
(1997)(citing Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). We do not
reconcile conflicts of fact or assign credibility to witnesses because this is within the
exclusive province of the jury. Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992); Lucero v. State, 915 S.W.2d 612, 614 (Tex. App.--El Paso 1996, pet. ref'd). 
Furthermore, this Court is not charged with determining whether the evidence establishes
guilt beyond a reasonable doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex. Crim. App. 1989),
cert. denied, 498 U.S. 951, 111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836
S.W.2d 700, 702 (Tex. App.--El Paso 1992, pet. ref'd). 

2. Analysis

 In Appellant's third Issue, he contends the evidence in the case was legally
insufficient to sustain a finding of guilt. (7) Appellant was charged with the crime of sexual
assault on a child under the age of fourteen. A person commits an offense of sexual assault
if the person intentionally and knowingly causes the anus of a child to contact the sexual
organ of the actor. Tex. Pen. Code Ann. § 22.011 (a)(2)(D) (Vernon 2003). Appellant
asserts the evidence is not sufficient to support the jury's guilty verdict because the medical
evidence failed to support the State's indictment, and there was no direct evidence to support
the State's charge that Appellant caused his sexual organ to contact the child's anus.

 The State offered the testimony of Dr. Eileen Conner as medical evidence to prove
Appellant caused his sexual organ to contact the child's anus. Upon her examination of the
child, Dr. Conner determined there was abnormal redness surrounding J.A.R.'s anus. Dr.
Conner stated there was "a small abrasion at the bottom end of the anus that was consistent
to the skin being pulled apart." Appellant contends the medical evidence is insufficient to
support a verdict of guilty because mere redness and minor irritation of the anal area was not
enough physical evidence to sustain the conviction. However, this Court reviews the legal
sufficiency of the evidence in the light most favorable to the verdict, and it is the jury's
position not ours to weigh the medical evidence presented at trial. Taylor v. State, 859
S.W.2d 466, 467 (Tex. App.--Dallas 1993, no pet.); Bonham v. State, 680 S.W.2d 815, 819
(Tex. Crim. App. 1984), cert. denied, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985)
(Jury as the trier of fact has the responsibility to resolve conflicts in the testimony, to weigh
the evidence, and to draw reasonable inferences from basic to ultimate facts). Thus, viewed
in the light most favorable to the verdict the medical evidence was legally sufficient to
support Appellant's conviction. 

 Furthermore, the State offered the testimony of J.A.R. as direct evidence to prove
Appellant sexually abused him. J.A.R. testified, "Donnie stick his weenie in my butt."
Although J.A.R. was five at the time he testified, his testimony was sufficient to show
evidence of penetration in order to support a sexual assault conviction. Karnes v. State, 873
S.W.2d 92, 96 (Tex. App.--Dallas 1994, no pet.); Jordan-Maier v. State, 792 S.W.2d 188,
190 (Tex. App.--Houston [1st Dist.] 1990, pet. ref'd) (testimony of child sexual assault
victim is sufficient even if the child uses unsophisticated language to describe the act);
Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978)(testimony of victim is
sufficient evidence of penetration). Accordingly, the jury could find beyond a reasonable
doubt the essential elements of sexual assault. Therefore, we overrule Appellant's Issue No.
Three. 

 Having overruled each of Appellant's issues on review, we affirm the judgment of the
trial court.

October 27, 2003



 RICHARD BARAJAS, Chief Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)
1. On February 13, 2002, the 394th District Court of Brewster County, Texas ordered an attorney be
appointed to represent Appellant on appeal. A few days later, on February 28th this Court ordered the trial judge to
conduct a hearing to determine whether Appellant was deprived of a reporter's record because the record was
overdue. The District court held a hearing on March 20, 2002 and found that the recent appointment of the attorney
to represent Appellant for appellate purposes was good cause for the failure to timely file the record. 
2. Appellant addresses the issue of venue as his third issue, and he addresses the issue of lack of sufficient
evidence as his first issue. However, for appeal purposes we will first discuss venue and discuss the issue of whether
there was sufficient evidence to convict Appellant last. 
3. J.A.R.'s father, Marco Rodriguez, testified his son would call his grandparents mom and pape. At trial
Mr. Rodriguez stated his son "used to love going to his grandmother's Maggie. He always wanted to go over and he
was always excited to go. Let's go-he used to call them mom and pape." 

4. Margarita Carrillo testified:

Q: Tell the jury your name.

A: Margarita Carrillo.

Q: All right. Do you live here in Alpine?

A: Yes. 
5. Carmen Rodriguez testified:

Q: Okay. Carmen, which city does your parents live in-where this defendant lives?

A: Here in Alpine, Texas.

Q: And what county is that in?

A: Brewster. 
6. Interview was conducted by Eve Flores. She asked J.A.R. the following:

 Q: Can you show me what Donnie did to you?

 Q: What did Donnie do to you?

 A: He put his weenie in my butt. 

***

 Q: Where were you when that happened?

 A: At grandma Maggies. 

***

 Q: When he did that to you were you standing up or were you laying down?

 A: Down. 

***

 Q: How many times has Donnie done this to you?

 A: [Held up his fingers]

 Q: One time or more than one time.

 A: More than one time.
7. Appellant in his brief does not expressly state the evidence is legally insufficient. Appellant merely
states, "the evidence in this case is insufficient to sustain a finding of guilt." However, he does cite Smith v. State of
Texas, 307 S.W.2d 582 (Tex. Crim. App. 1957) stating "this Court must review the evidence in the light most
favorable to the jury verdict." A review of the evidence based on legal sufficiency requires this Court to review the
evidence in the light most favorable to the verdict. Geesa v. State, 820 S.W.2d 154, 159 (Tex. Crim. App. 1991). 
Whereas, factual sufficiency requires this Court to review all of the evidence but not in the light most favorable to
the prosecution. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Taylor v. State, 921 S.W.2d 740,
745 (Tex. App.--El Paso 1996, no pet.). We therefore find, Appellant's complaint is that of legal insufficiency and
not of factual insufficiency.