DUNBAR V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-174-CR

DARRELL RAY DUNBAR APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Darrell Ray Dunbar of the offense of indecency with a child by contact, and the court assessed his punishment at ten years’ confinement.  In three points, Appellant complains that (1) he received ineffective assistance of counsel, (2) the trial court erred by allowing a witness to offer hearsay testimony, and (3) the trial court erred in not making available to him exculpatory information contained in CPS records.  The parties are familiar with the facts of the case and Appellant does not challenge the sufficiency of the evidence; therefore, we will only discuss the facts as they pertain to Appellant’s points on appeal.  We will affirm.

I.  Ineffective Assistance

In his first point, Appellant argues that his trial counsel rendered ineffective assistance of counsel.  His appellate brief lists a multitude  of complaints, which he lumps into three broad categories:  failing to object to harmful and inadmissible evidence; failing to request limiting instructions; and introducing or opening the door to extraneous and inflammatory conduct.  As the State points out, Appellant takes issue with almost every action trial counsel took before and during Appellant’s trial.  We observe that while the jury found Appellant guilty of indecency with a child by contact, the jury found him not guilty of the offense of aggravated sexual assault of a child. 

The Sixth Amendment to the United States Constitution affords criminal defendants the right to reasonably effective assistance of counsel.  
U.S. Const.
 amend. VI; 
Yarborough v. Gentry
, 124 S. Ct. 1, 4 (2003); 
Garcia v. State
, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).  We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

First, 
Appellant must show that 
his
 counsel’s performance was deficient. 
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  The record must be sufficiently developed to overcome a strong presumption that counsel provided reasonable assistance.  
Bone v. State
, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (citing 
Thompson
, 9 S.W.3d at 813-14).  Second, Appellant must show that the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064.  Further, a claim for ineffective assistance of counsel must be firmly grounded and affirmatively supported by the record.  
Thompson
, 9 S.W.3d at 814; 
Jackson v. State
, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998).  When the record is silent as to possible trial strategies undertaken by defense counsel, we will not speculate on the reasons for those strategies.  
See Jackson v. State
, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

We are presented with a case demonstrating the “inadequacies inherent in evaluating ineffective assistance claims on direct appeal.”  
Patterson v. State
, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  Appellant did not raise any claim in his motion for new trial that he received ineffective assistance of counsel.  Moreover, Appellant’s complaints on appeal regarding his trial counsel concern actions that may or may not be grounded in sound trial strategy, but the record is silent as to trial counsel’s reasons for doing or failing to do the things of which Appellant complains.  
See id
.  These issues are better raised via an application for a writ of habeas corpus.  
Tex. Code Crim. Proc. Ann
. art. 11.07 (Vernon Supp. 2004); 
Rylander v. State
, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) (“[T]he record on direct appeal will generally ‘not be sufficient to show that counsel’s representation was so deficient as to meet the first part of the 
Strickland
 standard’ as ‘[t]he reasonableness of counsel’s choices often involves facts that do not appear in the appellate record.’”).  We overrule Appellant’s first point.

II.  Hearsay

In his second point, Appellant asserts that the trial court erred by allowing a counselor to offer hearsay testimony.  Neither the State nor Appellant called D.D., the complainant, as a witness.  Specifically, Appellant complains about a portion of the testimony from Sherri Pratt, a licensed master social worker who provided counseling services to D.D.  Pratt testified that D.D. told her “[t]hat [Appellant] had touched her on her private with his hand, with his fingers.”  We review the trial court’s decision to admit or exclude evidence under an abuse of discretion, and we will not reverse such a ruling as long as the ruling is within the zone of reasonable disagreement.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001);
 Montgomery v. State
, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990) (op. on reh’g).

The State argues that Pratt’s testimony about D.D.’s out-of-court statement fell within a hearsay exception because it was a statement made for the purpose of a medical diagnosis or treatment.  
See
 
Tex. R. Evid
. 803(4).  Assuming but without deciding that the objected to statement was inadmissible under rule 803(4), we will determine whether admission of the statement caused harm to Appellant.  
Cf
. 
Reed v. State
, No. 2-02-055-CR, 2003 WL 1894581, at *4-5 (Tex. App.—Fort Worth Apr. 17, 2003, pet. ref’d) (op. on reh’g) (not designated for publication)
(footnote: 2) (holding child-abuse victim’s statements to licensed master social worker who provided therapy constituted hearsay and did not fall under rule 803(4)’s exception).

As we stated in 
Matz v. State
, “the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence.”  21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000, pet. ref’d) (op. on remand) (citing
 Brooks v. State
, 990 S.W.2d 278, 287 (Tex. Crim. App.), 
cert. denied
, 528 U.S. 956 (1999), and 
Couchman v. State
, 3 S.W.3d 155, 160 (Tex. App.—Fort Worth 1999, pet. ref’d)).  In this case, Appellant concedes the admissibility of D.D.’s statements to Araceli Desmarius, which came into evidence.  Desmarius testified, “[D.D.] stated, my daddy put his finger in here.  And she pointed to her genital area and poked it with her finger.”  Because Pratt’s testimony is cumulative of Desmarius’s properly admitted testimony on the same issue, even if the trial court erred in admitting the complained-of statement from Pratt’s testimony, we must disregard the error because it could not have affected Appellant’s substantial rights.
(footnote: 3)  
See
 
Tex. R. App. P
. 44.2(b); 
Brooks
, 990 S.W.2d at 287; 
Matz
, 21 S.W.3d at 912-13.  We overrule Appellant’s second point.

III.  Exculpatory Information

In his third point, Appellant contends that the trial court erred by not making available to him exculpatory information contained in CPS records.  
See Brady v. Maryland
, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963) (holding that the State has an affirmative duty to disclose material, exculpatory evidence to a criminal defendant and that the State’s suppression of a co-defendant’s confession violated the Due Process Clause of the Fourteenth Amendment).  Appellant’s trial counsel filed a motion for exculpatory evidence.
(footnote: 4)  Appellant acknowledges, however, that while portions of the CPS records were made available to his trial counsel, the appellate record is silent as to which records were disclosed.
(footnote: 5)  Further, trial counsel for Appellant never objected to the procedure used to examine these records, and never raised--as Appellant does now--the issue that the CPS records contained “possible exculpatory information” in his motion for new trial. 

Appellant’s counsel on appeal argues that he has found documents within the CPS records that should have been disclosed; however, nothing in the record reflects whether such documents were indeed withheld.  Based on the record before us, we are unable to determine which documents were disclosed.  Consequently, we cannot hold that the trial court erred in failing to make available records of exculpatory information contained in the CPS records.  We overrule Appellant’s third point.

IV.  Conclusion

Having overruled all three of Appellant’s points, we affirm the trial court’s judgment. 

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and HOLMAN, J.

DO NOT PUBLISH

Tex. R. App. P. 
 47.2(b)

DELIVERED:  May 6, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
See
 
Tex. R. App. P
. 47.7 (providing that unpublished cases may be cited, although they have no precedential value).

3:
Similar to the appellant’s complaint in 
Matz
, Appellant complains in his brief that the improper admission of Pratt’s testimony harmed him because it “bolster[ed] Desmarius’s testimony.”  
See
 21 S.W.3d at 913 n.2.  Appellant’s only objection at trial was that Pratt’s testimony constituted inadmissible hearsay, which is not sufficient to preserve a bolstering complaint.  
See id
. (citing 
Turro v. State
, 950 S.W.2d 390, 403-04 (Tex. App.—Fort Worth 1997, pet. ref’d)).

4:
Before trial began, the court ruled on the motion stating, “That’s granted.  And it will be ongoing.  As soon as the State learns anything, let them know.” 

5:
During a pretrial hearing, Appellant’s counsel showed something to the trial court and stated, “Your Honor, we believe that this was in the CPS file, that we have asked permission to get a copy of the file, and the State requested and agreed to an in-camera inspection of that file.  You provided us with a certain selection of papers from that file.”