COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-174-CR
  
  
DARRELL RAY DUNBAR                                                         APPELLANT
  
V.
  
THE STATE OF TEXAS                                                                  STATE
  
------------
 
FROM THE 396TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        A 
jury convicted Appellant Darrell Ray Dunbar of the offense of indecency with a 
child by contact, and the court assessed his punishment at ten years’ 
confinement. In three points, Appellant complains that (1) he received 
ineffective assistance of counsel, (2) the trial court erred by allowing a 
witness to offer hearsay testimony, and (3) the trial court erred in not making 
available to him exculpatory information contained in CPS records.  The 
parties are familiar with the facts of the case and Appellant does not challenge 
the sufficiency of the evidence; therefore, we will only discuss the facts as 
they pertain to Appellant’s points on appeal.  We will affirm.
I. Ineffective Assistance
        In 
his first point, Appellant argues that his trial counsel rendered ineffective 
assistance of counsel.  His appellate brief lists a multitude of 
complaints, which he lumps into three broad categories: failing to object to 
harmful and inadmissible evidence; failing to request limiting instructions; and 
introducing or opening the door to extraneous and inflammatory conduct.  As 
the State points out, Appellant takes issue with almost every action trial 
counsel took before and during Appellant’s trial.  We observe that while 
the jury found Appellant guilty of indecency with a child by contact, the jury 
found him not guilty of the offense of aggravated sexual assault of a child.
        The 
Sixth Amendment to the United States Constitution affords criminal defendants 
the right to reasonably effective assistance of counsel.  U.S. Const. amend. VI; Yarborough v. Gentry, 
124 S. Ct. 1, 4 (2003); Garcia v. State, 57 S.W.3d 436, 440 (Tex. Crim. 
App. 2001).  We apply a two-pronged test to ineffective assistance of 
counsel claims.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. 
Ct. 2052, 2064 (1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. 
App. 1999).
        First, 
Appellant must show that his counsel’s performance was deficient.  Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064. The record must be sufficiently developed 
to overcome a strong presumption that counsel provided reasonable 
assistance.  Bone v. State, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 
2002) (citing Thompson, 9 S.W.3d at 813-14).  Second, Appellant must 
show that the deficient performance prejudiced the defense.  Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.  Further, a claim for ineffective 
assistance of counsel must be firmly grounded and affirmatively supported by the 
record. Thompson, 9 S.W.3d at 814; Jackson v. State, 973 S.W.2d 
954, 955 (Tex. Crim. App. 1998).  When the record is silent as to possible 
trial strategies undertaken by defense counsel, we will not speculate on the 
reasons for those strategies.  See Jackson v. State, 877 S.W.2d 768, 
771 (Tex. Crim. App. 1994).
        We 
are presented with a case demonstrating the “inadequacies inherent in 
evaluating ineffective assistance claims on direct appeal.”  Patterson 
v. State, 46 S.W.3d 294, 306 (Tex. App.—Fort Worth 2001, no pet.).  
Appellant did not raise any claim in his motion for new trial that he received 
ineffective assistance of counsel.  Moreover, Appellant’s complaints on 
appeal regarding his trial counsel concern actions that may or may not be 
grounded in sound trial strategy, but the record is silent as to trial 
counsel’s reasons for doing or failing to do the things of which Appellant 
complains.  See id. These issues are better raised via an 
application for a writ of habeas corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 
2004); Rylander v. State, 101 S.W.3d 107, 110 (Tex. Crim. App. 2003) 
(“[T]he record on direct appeal will generally ‘not be sufficient to show 
that counsel’s representation was so deficient as to meet the first part of 
the Strickland standard’ as ‘[t]he reasonableness of counsel’s 
choices often involves facts that do not appear in the appellate 
record.’”).  We overrule Appellant’s first point.
II. Hearsay
        In 
his second point, Appellant asserts that the trial court erred by allowing a 
counselor to offer hearsay testimony.  Neither the State nor Appellant 
called D.D., the complainant, as a witness. Specifically, Appellant complains 
about a portion of the testimony from Sherri Pratt, a licensed master social 
worker who provided counseling services to D.D.  Pratt testified that D.D. 
told her “[t]hat [Appellant] had touched her on her private with his hand, 
with his fingers.”  We review the trial court’s decision to admit or 
exclude evidence under an abuse of discretion, and we will not reverse such a 
ruling as long as the ruling is within the zone of reasonable 
disagreement.  Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 
2001); Montgomery v. State, 810 S.W.2d 372, 379-80 (Tex. Crim. App. 1990) 
(op. on reh’g).
        The 
State argues that Pratt’s testimony about D.D.’s out-of-court statement fell 
within a hearsay exception because it was a statement made for the purpose of a 
medical diagnosis or treatment.  See Tex. R. Evid. 803(4).  Assuming but 
without deciding that the objected to statement was inadmissible under rule 
803(4), we will determine whether admission of the statement caused harm to 
Appellant.  Cf. Reed v. State, No. 2-02-055-CR, 2003 WL 
1894581, at *4-5 (Tex. App.—Fort Worth Apr. 17, 2003, pet. ref’d) (op. on 
reh’g) (not designated for publication)[2] (holding 
child-abuse victim’s statements to licensed master social worker who provided 
therapy constituted hearsay and did not fall under rule 803(4)’s exception).
        As 
we stated in Matz v. State, “the improper admission of evidence does 
not constitute reversible error if the same facts are proved by other properly 
admitted evidence.”  21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000, 
pet. ref’d) (op. on remand) (citing Brooks v. State, 990 S.W.2d 278, 
287 (Tex. Crim. App.), cert. denied, 528 U.S. 956 (1999), and Couchman 
v. State, 3 S.W.3d 155, 160 (Tex. App.—Fort Worth 1999, pet. ref’d)).  
In this case, Appellant concedes the admissibility of D.D.’s statements to 
Araceli Desmarius, which came into evidence.  Desmarius testified, “[D.D.] 
stated, my daddy put his finger in here.  And she pointed to her genital 
area and poked it with her finger.”  Because Pratt’s testimony is 
cumulative of Desmarius’s properly admitted testimony on the same issue, even 
if the trial court erred in admitting the complained-of statement from Pratt’s 
testimony, we must disregard the error because it could not have affected 
Appellant’s substantial rights.[3]  See Tex. R. App. P. 44.2(b); Brooks, 990 
S.W.2d at 287; Matz, 21 S.W.3d at 912-13.  We overrule Appellant’s 
second point.
III. Exculpatory Information
        In 
his third point, Appellant contends that the trial court erred by not making 
available to him exculpatory information contained in CPS records.  See 
Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963) (holding 
that the State has an affirmative duty to disclose material, exculpatory 
evidence to a criminal defendant and that the State’s suppression of a 
co-defendant’s confession violated the Due Process Clause of the Fourteenth 
Amendment).  Appellant’s trial counsel filed a motion for exculpatory 
evidence.[4]  Appellant acknowledges, however, 
that while portions of the CPS records were made available to his trial counsel, 
the appellate record is silent as to which records were disclosed.[5]  Further, trial counsel for Appellant never objected 
to the procedure used to examine these records, and never raised--as Appellant 
does now--the issue that the CPS records contained “possible exculpatory 
information” in his motion for new trial.
        Appellant’s 
counsel on appeal argues that he has found documents within the CPS records that 
should have been disclosed; however, nothing in the record reflects whether such 
documents were indeed withheld.  Based on the record before us, we are 
unable to determine which documents were disclosed.  Consequently, we 
cannot hold that the trial court erred in failing to make available records of 
exculpatory information contained in the CPS records.  We overrule 
Appellant’s third point.
IV. Conclusion
        Having 
overruled all three of Appellant’s points, we affirm the trial court’s 
judgment.
   
                                                          PER 
CURIAM
   
 
PANEL F:   GARDNER, 
J.; CAYCE, C.J.; and HOLMAN, J.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: May 6, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
See Tex. R. App. P. 47.7 
(providing that unpublished cases may be cited, although they have no 
precedential value).
3.  
Similar to the appellant’s complaint in Matz, Appellant complains in 
his brief that the improper admission of Pratt’s testimony harmed him because 
it “bolster[ed] Desmarius’s testimony.” See 21 S.W.3d at 913 n.2. 
Appellant’s only objection at trial was that Pratt’s testimony constituted 
inadmissible hearsay, which is not sufficient to preserve a bolstering 
complaint. See id. (citing Turro v. State, 950 S.W.2d 390, 403-04 
(Tex. App.—Fort Worth 1997, pet. ref’d)).
4.  
Before trial began, the court ruled on the motion stating, “That’s granted. 
And it will be ongoing. As soon as the State learns anything, let them know.”
5.  
During a pretrial hearing, Appellant’s counsel showed something to the trial 
court and stated, “Your Honor, we believe that this was in the CPS file, that 
we have asked permission to get a copy of the file, and the State requested and 
agreed to an in-camera inspection of that file. You provided us with a certain 
selection of papers from that file.”