Harold Lee, MATZ, Appellant,

v.

The STATE of Texas, State.

No. 2–97–613–CR.

Court of Appeals of Texas,
Fort Worth.

June 29, 2000.

Davis McCown, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Charles M. Mallin, Tanya S. Dahoney, Christy Jack, Asst. Criminal Dist. Attys., Fort Worth, for appellee.

Panel A: DAY, RICHARDS, and GARDNER, JJ.

## OPINION ON REMAND

SAM J. DAY, Justice.

A jury convicted Appellant Harold Lee Matz of aggravated sexual assault of a child, assessed punishment at life imprisonment, and imposed a $10,000 fine. In Appellant's second point, he complained that the trial court erred in admitting a videotape of the complainant, seven-year-old T.M., because the evidence was hearsay. On original submission, we noted that notwithstanding the hearsay rule, under certain circumstances Article 38.071 of

the code of criminal procedure permits the admission of a recorded oral statement of a child sexual assault victim. *Matz v. State*, 989 S.W.2d 419, 423 (Tex.App.—Fort Worth 1999). However, this rule is inapplicable where the child victim is available to testify. *See* TEX.CODE CRIM. PROC. ANN. art. 38.071 (Vernon Supp.2000); *Matz*, 989 S.W.2d at 423. In this case, T.M. testified in detail at trial regarding the egregious acts committed by Appellant. We thus assumed without deciding that the trial court erred in admitting the videotape under Article 38.071, but held Appellant had failed to preserve error because substantially the same evidence came in elsewhere without objection. *See Matz*, 989 S.W.2d at 423–24.

The court of criminal appeals granted Appellant's petition for discretionary review on this issue. *Matz v. State*, 14 S.W.3d 746 (Tex.Crim.App.2000). Noting that Appellant's hearsay objection went to the *form* rather than the *substance* of T.M.'s testimony, the court of criminal appeals stated that Appellant had not waived error because he "could hardly be expected to object to T.M.'s live testimony on this same basis, since that testimony was, by definition, not hearsay." *Id.* at 747. The court reversed our decision and remanded Appellant's case for a determination of the merits of his second point. *Id.*

■ After reconsideration of this issue, we hold that Appellant has failed to show error that would entitle him to a reversal. Error in the admission of evidence is subject to a harm analysis under Rule 44.2(b) of the rules of appellate procedure. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex.Crim.App.1998); *Couchman v. State*, 3 S.W.3d 155, 160 (Tex.App.—Fort Worth 1999, pet. ref'd). Under Rule 44.2(b), we are to disregard any error unless it affects Appellant's substantial rights. TEX.R.APP. P. 44.2(b). A substantial right is affected when the error had a substantial, injurious effect or influence on the jury's verdict. *See King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997) (citing *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 1253, 90 L.Ed. 1557 (1946)); *Coggeshall v. State*, 961 S.W.2d 639, 643 (Tex.App.—Fort Worth 1998, pet. ref'd) (en banc).

■ It is well-established that the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex.Crim.App.) (holding that any error in the admission of hearsay testimony was harmless in light of other properly admitted evidence proving the same fact), *cert. denied*, —— U.S. ——, 120 S.Ct. 384, 145 L.Ed.2d 300 (1999); *Couchman*, 3 S.W.3d at 160 (same). In this case, Appellant concedes that the videotape "essentially repeated the testimony of [T.M.]." [1] Because the videotape is cumulative of T.M.'s properly admitted testimony on the same

1. Additionally, Dr. Leah Lamb, the medical examiner who conducted the sexual assault exam on T.M., testified that T.M. made the following statement during the course of her medical exam:

> [Appellant] was the one who was hurting me. He is my mother's boyfriend. He licked my privates. The very first time it happened is because my brother refused to do sex things with them. I wanted to refuse, too, but they said I had to, mom and [Appellant] said I had to. [Appellant] got in the shower with me, then he woke me up and took me to his room to do sex things. My mother was there, she was watching and laughing. He put his tongue in my vagina. He put his dick in my hands. He put his dick in my butt, and he put his dick in my mouth. He used baby oil on my butt, but it hurt too much. Whitish gray stuff came out on my vagina and all of the way up to my hair. Mom put her boobies in my mouth. This happened almost every day since we moved to [Appellant's house].

Because T.M.'s statement to Lamb was given for the purpose of medical diagnosis and treatment, it was properly admitted as an exception to the hearsay rule. *See* TEX.R. EVID. 803(4); *Beheler v. State*, 3 S.W.3d 182, 188–89 (Tex.App.—Fort Worth 1999, pet. ref'd). T.M.'s statement to Lamb covered essentially the same facts T.M. testified about at trial.

issue, even if the trial court erred in admitting the videotape, we must disregard the error because it could not have affected Appellant's substantial rights.[2] *See* TEX. R.APP. P. 44.2(b). Point two is overruled.

The trial court's judgment is affirmed.

---

**2.** Appellant contends that the improper admission of this evidence harmed him because it "[was] bolstering in its purest form, that being the repetitive admission of evidence from the same source." Appellant's only objection at trial was that the videotape constituted hearsay, which is not sufficient to preserve a bolstering complaint. *See Turro v. State,* 950 S.W.2d 390, 403–04 (Tex.App.— Fort Worth 1997, pet. ref'd).