NO. 07-03-0207-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 15, 2005

_____

RAYMOND W. DENTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 356TH DISTRICT COURT OF HARDIN COUNTY;

NO. 14,449; HON. BRITT PLUNK, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Raymond W. Denton appeals his conviction for indecency with a child and life sentence through five issues.[1] In them, he complains that 1) he was denied the effective assistance of counsel because his counsel was unprepared, 2) the trial court erred in overruling his objection to the introduction of extraneous offenses, 3) the trial court erred in allowing the introduction of photographs of the alleged victim, 4) the trial court erred in allowing rebuttal testimony from the State, and 5) the trial court erred in admitting, during

_____

[1]Appellant was charged with aggravated sexual assault of his 13-year-old daughter who came to live with him when she was ten. The jury convicted him of the lesser-included offense of indecency with a child.

the punishment phase, testimony from two witnesses who were not on the State's witness list. Despite the State having not favored us with an appellee's brief, we affirm the judgment of the trial court.

### *Issue One - Ineffective Assistance of Counsel*

Appellant first argues that he received ineffective assistance of counsel because his trial attorney was not prepared for trial. We overrule the issue.

Appellant had the burden to not only show deficient performance but also illustrate how it prejudiced him. *Thompson v. State,* 9 S.W.3d 808 (Tex. Crim. App. 1999). Moreover, the failure to establish either element defeats the claim. *Rylander v. State,* 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).

Though appellant broached the issue of deficient performance, he said nothing of prejudice; that is, he did not attempt to illustrate that but for his counsel's unpreparedness there existed a probability that the outcome would have differed. *See Rylander v. State,* 101 S.W.3d at 109-10 (so defining the element of prejudice). Nor did appellant suggest that the circumstance jeopardized a potentially viable defense. Given this, we cannot say that appellant carried his burden of proof, as that burden is described in *Thompson* and *Rylander. See McFarland v. State,* 928 S.W.2d 482, 501 (Tex. Crim. App. 1996), *overruled on other grounds by Mosley v. State,* 983 S.W.2d 249 (Tex. Crim. App. 1998) (stating that a conviction will not be reversed due to the failure to investigate unless the conduct resulted in the loss of a viable defense); *Dennis v. State* 151 S.W.3d 745 (Tex. App.–Amarillo 2004, pet ref'd) (holding that the appellant did not carry his burden of proof when he failed to address the issue of prejudice).

### *Issue No. 2 - Extraneous Offenses*

2

In his second issue, appellant complains about the admission of evidence of other instances of sexual misconduct with the same child. We overrule the issue.

Notwithstanding Rule 404 of the Rules of Evidence, evidence of other crimes, wrongs, and acts committed by the defendant against the child complainant shall be admitted for its bearing on relevant matters such as "the previous and subsequent relationship between the defendant and the child" victim. TEX. CODE CRIM. PROC. ANN. art. 38.37 §2(2) (Vernon 2005). Additionally, evidence of prior sexual indecencies with or assaults against the child falls within the scope of this statute and, therefore, is admissible. *Gutierrez v. State*, 8 S.W.3d 739, 749 (Tex. App.–Austin 1999, no pet.). Thus, the trial court did not abuse its discretion in admitting the evidence at issue.

### *Issue No. 3 - Photographs*

Appellant next complains about the admission of two enlarged photographs of the victim's genitalia. They should have been excluded, he continues, because they were not previously disclosed to him per "the Courts [sic] earlier ruling on Discoverable [sic] items." We overrule the issue.

Appellant sought no continuance in response to the State's belated disclosure of evidence. That resulted in the waiver of his complaint. *Lindley v. State*, 635 S.W.2d 541, 543-44 (Tex. Crim. App. 1982); *Taylor v. State,* 93 S.W.3d 487, 502 (Tex. App.–Texarkana 2002, pet. ref'd) (holding that the failure to request a continuance waives any violation of a discovery order).

### *Issue No. 4 - Rebuttal Testimony*

Next, appellant argues that the trial court should not have admitted rebuttal testimony offered by the State. We overrule the issue.

The testimony in question encompassed appellant's status as an alcoholic and a person who ingested drugs. Furthermore, it was offered in response to prior testimony given by appellant's mother; she had said, when questioned by the defense, that appellant only drank beer sporadically and that she had never seen him use drugs. The rebuttal testimony depicted him as an alcoholic and drug abuser, however.

Generally, when a defendant creates a false impression via testimony of a witness, he opens the door for the State to respond and correct the impression. *Wheeler v. State,* 67 S.W.3d 879, 886 (Tex. Crim. App. 2002); *see also Rodriguez v. State,* 974 S.W.2d 364, 369 (Tex. App.–Amarillo 1998, pet. ref'd) (stating that when a witness responds to defense counsel that the defendant lacked the nature to do that of which he was accused, it opened the door for the State to present evidence impeaching the response). Yet, it may do so only through the cross-examination of the witness, not by calling another witness. *Wheeler v. State*, 67 S.W.3d at 885. So, to the extent that the testimony of appellant's mother created a false impression that appellant drank minimally and did not use drugs, the State was free to impeach or correct it via the cross-examination of that witness. However, it could not do so by calling another witness. Since the latter occurred over the defendant's objection, the court erred.

Having found error, we must now determine whether it affected a substantial right of appellant. *See* TEX. R. APP. P. 44.2(b); *see also Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App.1998); *Matz v. State,* 21 S.W.3d 911, 192 (Tex. App.–Fort Worth 2000, pet. ref'd) (stating that errors regarding the admission of evidence are reversible only if they affected the defendant's substantial rights). The record discloses that the evidence of appellant's guilt was rather overwhelming. Indeed, the victim gave extensive testimony inculpating appellant. Medical evidence comported with the victim's testimony, and the

4

victim's sister heard the victim ask appellant to stop. And, while the mother's testimony and rebuttal to it were mentioned in closing, the allusions were brief. Given this, we conclude that the error did not affect a substantial right of appellant and find the error harmless. *See Venable v. State*, 113 S.W.3d 797, 801 (Tex. App.–Beaumont 2003, no pet.) (concluding that error was harmless when the proof of guilt was overwhelming and the inadmissible evidence received minimal attention from the State).

### *Issue No. Five - Testimony of Undisclosed Witnesses*

In his last issue, appellant complains of the trial court's decision to permit the State to offer the testimony of two witnesses (during the punishment phase of the trial) whose names were missing from its witness list. Their testimony should have been excluded, according to appellant, because of the revelation of the names was untimely. We overrule the issue.

Again, appellant did not move for a continuance when faced with the belated disclosure. Having failed in that regard, he waived his complaint. *Lindley v. State*, *supra*; *Taylor v. State, supra*.

Having overruled each issue, we affirm the judgment of the trial court.


Brian Quinn
Chief Justice


Do not publish.


5