COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| SAMANTHA KAY RODMAN, | § | No. 08-06-00252-CR |
| Appellant, | § | Appeal from the |
| v. | § | 409th Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| | § | |
| Appellee. | § | (TC# 20060D03286) |
| | § | |

**O P I N I O N**

Appellant pled guilty to the murder of her mother, Maria Irene Rodman; the jury sentenced her to 40 years' imprisonment. Appellant's sole issue is that the trial court erred by excluding evidence introduced during the punishment phase related to Appellant's "sudden passion" defense. We find that the evidence was not relevant to Appellant's case; therefore, the trial court did not abuse its discretion. We affirm.

On November 29, 2004, Appellant called 911 and told the dispatcher that her mother had been killed. The police found Appellant's mother, Maria Irene Rodman, covered in blood and lying on the floor of the dining room. She had been stabbed multiple times in the neck. Appellant first told police that a masked intruder attacked her mother. But ultimately, she admitted that she killed her mother.

Appellant pled guilty to first-degree murder, and elected to have the jury determine punishment. She asserted a mitigation defense that she killed her mother under the immediate

influence of a sudden passion arising from an adequate cause. *See* TEX.PENAL CODE ANN. § 19.02(d)(Vernon 2003). Appellant testified that at the time of Ms. Rodman's death, she had just told her mother that she had been raped by her father, Brian Rodman, in October of 2003. To Appellant's dismay, her mother was indifferent to the news, and told her daughter not to tell anyone else about the rape.

The jury heard extensive testimony from several experts in psychology and psychiatry regarding the rape's effect on Appellant, and Appellant's response to her mother after the outcry. According to Appellant's experts, Ms. Rodman's indifference toward Appellant's outcry of rape overwhelmed Appellant, causing the burst of rage which resulted in the mother's death. One expert theorized that Appellant had repressed her anger following the rape, and her mother's rejection of Appellant's outcry evoked a frenzied outburst which lead to the murder. Another expert's written report concluded that Appellant exhibited symptoms of post-traumatic stress disorder as a result of the rape, and concluded that Ms. Rodman's reaction to Appellant's outcry overwhelmed Appellant and precipitated the rage which contributed to the murder. The report also noted that Mr. Rodman had been convicted of another rape in 2001, and had a history of inappropriate behavior towards women. A third expert testified that he had reviewed the records of Mr. Rodman's 2001 rape conviction and concluded that it had been a "very, very serious sexual assault."

In addition to the expert testimony, Appellant sought to introduce further evidence of Mr. Rodman's history of sexual misconduct. The State objected to this evidence of prior sexual misconduct on relevance grounds and under Rules 403 and 404(b) of the Texas Rules of Evidence. Appellant argued the evidence was admissible to explain Appellant's relationship

with her mother prior to the murder. The trial court sustained the State's objection and excluded the evidence.

The jury rejected Appellant's sudden passion defense and sentenced her to forty years' imprisonment and a fine of ten thousand dollars. In her sole issue on appeal, Appellant argues that the trial court erred in excluding the testimony regarding Mr. Rodman's past sexual misconduct. Appellant argues the evidence was excluded in violation of Texas Code of Criminal Procedure article 38.36 because the evidence was admissible under Texas Rule of Evidence 404(b). The State responds by arguing that the evidence was not relevant to Appellant's relationship with the deceased, that it was impermissible character evidence under Rule 404(b) of the Texas Rules of Evidence, and that its probative value was substantially outweighed by the danger of confusing the issues and misleading the jury.

We review a trial court's exclusion of extraneous-offense evidence under an abuse-of-discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). An evidentiary ruling only constitutes an abuse of discretion when it falls outside the zone of reasonable disagreement. *See id*.

Appellant argues the evidence was admissible under Texas Rule of Evidence 404(b) to explain the circumstances surrounding the murder, and was relevant to the state of Appellant's relationship with Ms. Rodman. Therefore, Appellant concludes, the trial court's decision to exclude the evidence violated Article 38.36 and was an abuse of discretion.

Article 38.36 provides:

In all prosecutions for murder, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased,

together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

TEX.CODE CRIM.PROC.ANN. art. 38.36(a)(Vernon 2005).

"Relevant evidence" is defined as evidence having "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." TEX.R.EVID. 401. Irrelevant evidence is inadmissible. *Id*.

The only issue remaining during punishment was Appellant's mitigation defense. Therefore, the only fact to be determined was whether Appellant committed the murder under a sudden passion as defined by the penal code. *See* TEX.PENAL CODE ANN. § 19.02(d). There is no dispute that evidence tending to show the status of Appellant's relationship with Ms. Rodman was relevant to determining Appellant's state of mind at the time of the murder. It does not follow, however, that the excluded evidence of Mr. Rodman's sexual misconduct toward other women is similarly relevant.[1] There is nothing in the record to indicate Appellant knew about the other instances of sexual misconduct before Ms. Rodman's death. Absent such a showing, that evidence has no tendency to prove or disprove Appellant's state of mind at the time of the offense. It was inadmissible. *See* TEX.R.EVID. 401. Since the evidence was irrelevant, we do

---

[1] Appellant's bill of exceptions includes testimony from five witnesses. Only one witness offered evidence of an instance about which Appellant was aware at the time of the murder. Mr. Leon Gluck was Mr. Rodman's co-worker for several years. According to his bill of exceptions testimony, Mr. Gluck witnessed Mr. Rodman touch Appellant in a way that gave him a "weird feeling." However, Mr. Gluck's prior jury testimony included evidence that he witnessed Mr. Rodman touch Appellant "inappropriately." Even if we assume that Mr. Gluck's statement was improperly excluded, the error was harmless as the excluded evidence was cumulative of his prior jury testimony. *See Matz v. State*, 21 S.W.3d 911, 912 (Tex.App.--Fort Worth 2000, pet. ref'd).

-4-

not address Appellant's argument that the evidence was admissible under Texas Rule of Evidence 404(b). The trial court did not abuse its discretion by excluding the evidence. Issue One is overruled.

Having overruled Appellant's sole issue for review, we affirm the trial court's judgment.


June 30, 2008

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.

(Do Not Publish)