COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




SAMANTHA KAY RODMAN,


 Appellant,


v.



THE STATE OF TEXAS, 


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00252-CR


 

Appeal from the


409th Judicial District Court


of El Paso County, Texas 


(TC# 20060D03286) 



O P I N I O N


 Appellant pled guilty to the murder of her mother, Maria Irene Rodman; the jury
sentenced her to 40 years' imprisonment. Appellant's sole issue is that the trial court erred by
excluding evidence introduced during the punishment phase related to Appellant's "sudden
passion" defense. We find that the evidence was not relevant to Appellant's case; therefore, the
trial court did not abuse its discretion. We affirm.

 On November 29, 2004, Appellant called 911 and told the dispatcher that her mother had
been killed. The police found Appellant's mother, Maria Irene Rodman, covered in blood and
lying on the floor of the dining room. She had been stabbed multiple times in the neck. 
Appellant first told police that a masked intruder attacked her mother. But ultimately, she 
admitted that she killed her mother.

 Appellant pled guilty to first-degree murder, and elected to have the jury determine
punishment. She asserted a mitigation defense that she killed her mother under the immediate
influence of a sudden passion arising from an adequate cause. See Tex.Penal Code Ann.
§ 19.02(d)(Vernon 2003). Appellant testified that at the time of Ms. Rodman's death, she had
just told her mother that she had been raped by her father, Brian Rodman, in October of 2003. 
To Appellant's dismay, her mother was indifferent to the news, and told her daughter not to tell
anyone else about the rape.

 The jury heard extensive testimony from several experts in psychology and psychiatry
regarding the rape's effect on Appellant, and Appellant's response to her mother after the outcry. 
According to Appellant's experts, Ms. Rodman's indifference toward Appellant's outcry of rape
overwhelmed Appellant, causing the burst of rage which resulted in the mother's death. One
expert theorized that Appellant had repressed her anger following the rape, and her mother's
rejection of Appellant's outcry evoked a frenzied outburst which lead to the murder. Another
expert's written report concluded that Appellant exhibited symptoms of post-traumatic stress
disorder as a result of the rape, and concluded that Ms. Rodman's reaction to Appellant's outcry
overwhelmed Appellant and precipitated the rage which contributed to the murder. The report
also noted that Mr. Rodman had been convicted of another rape in 2001, and had a history of
inappropriate behavior towards women. A third expert testified that he had reviewed the records
of Mr. Rodman's 2001 rape conviction and concluded that it had been a "very, very serious
sexual assault."

 In addition to the expert testimony, Appellant sought to introduce further evidence of
Mr. Rodman's history of sexual misconduct. The State objected to this evidence of prior sexual
misconduct on relevance grounds and under Rules 403 and 404(b) of the Texas Rules of
Evidence. Appellant argued the evidence was admissible to explain Appellant's relationship
with her mother prior to the murder. The trial court sustained the State's objection and excluded
the evidence.

 The jury rejected Appellant's sudden passion defense and sentenced her to forty years'
imprisonment and a fine of ten thousand dollars. In her sole issue on appeal, Appellant argues
that the trial court erred in excluding the testimony regarding Mr. Rodman's past sexual
misconduct. Appellant argues the evidence was excluded in violation of Texas Code of Criminal
Procedure article 38.36 because the evidence was admissible under Texas Rule of Evidence
404(b). The State responds by arguing that the evidence was not relevant to Appellant's
relationship with the deceased, that it was impermissible character evidence under Rule 404(b) of
the Texas Rules of Evidence, and that its probative value was substantially outweighed by the
danger of confusing the issues and misleading the jury.

 We review a trial court's exclusion of extraneous-offense evidence under an abuse-of-discretion standard. Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990). An
evidentiary ruling only constitutes an abuse of discretion when it falls outside the zone of
reasonable disagreement. See id.

 Appellant argues the evidence was admissible under Texas Rule of Evidence 404(b) to
explain the circumstances surrounding the murder, and was relevant to the state of Appellant's
relationship with Ms. Rodman. Therefore, Appellant concludes, the trial court's decision to
exclude the evidence violated Article 38.36 and was an abuse of discretion. 

 Article 38.36 provides:

 In all prosecutions for murder, the state or the defendant shall be permitted to
offer testimony as to all relevant facts and circumstances surrounding the killing
and the previous relationship existing between the accused and the deceased,
together with all relevant facts and circumstances going to show the condition of
the mind of the accused at the time of the offense.


Tex.Code Crim.Proc.Ann. art. 38.36(a)(Vernon 2005).


 "Relevant evidence" is defined as evidence having "any tendency to make the existence
of any fact that is of consequence to the determination of the action more probable or less
probable than it would be without the evidence." Tex.R.Evid. 401. Irrelevant evidence is
inadmissible. Id.

 The only issue remaining during punishment was Appellant's mitigation defense. 
Therefore, the only fact to be determined was whether Appellant committed the murder under a
sudden passion as defined by the penal code. See Tex.Penal Code Ann. § 19.02(d). There is
no dispute that evidence tending to show the status of Appellant's relationship with Ms. Rodman
was relevant to determining Appellant's state of mind at the time of the murder. It does not
follow, however, that the excluded evidence of Mr. Rodman's sexual misconduct toward other
women is similarly relevant. (1) There is nothing in the record to indicate Appellant knew about the
other instances of sexual misconduct before Ms. Rodman's death. Absent such a showing, that
evidence has no tendency to prove or disprove Appellant's state of mind at the time of the
offense. It was inadmissible. See Tex.R.Evid. 401. Since the evidence was irrelevant, we do
not address Appellant's argument that the evidence was admissible under Texas Rule of
Evidence 404(b). The trial court did not abuse its discretion by excluding the evidence. Issue
One is overruled.

 Having overruled Appellant's sole issue for review, we affirm the trial court's judgment.



June 30, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)
1. Appellant's bill of exceptions includes testimony from five witnesses. Only one witness 
offered evidence of an instance about which Appellant was aware at the time of the murder. 
Mr. Leon Gluck was Mr. Rodman's co-worker for several years. According to his bill of
exceptions testimony, Mr. Gluck witnessed Mr. Rodman touch Appellant in a way that gave him
a "weird feeling." However, Mr. Gluck's prior jury testimony included evidence that he
witnessed Mr. Rodman touch Appellant "inappropriately." Even if we assume that Mr. Gluck's
statement was improperly excluded, the error was harmless as the excluded evidence was
cumulative of his prior jury testimony. See Matz v. State, 21 S.W.3d 911, 912 (Tex.App.--Fort
Worth 2000, pet. ref'd).