In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00093-CR

                                                ______________________________

 

 

                                 DOUDLEY SCOTT MALOY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 0819781

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Doudley
Scott Maloy appeals his conviction for aggravated sexual assault of his grandchild
and indecency with the child by sexual contact. 
Maloy brings four points of error contending (1) the trial court erred
in permitting Martha Dykes, a social worker, to testify regarding her interview
with S.M.B. (the child victim), maintaining that Dykes was not the proper
outcry witness as defined by Article 38.072 of the Texas Code of Criminal
Procedure;[1]
(2) the trial court erred in admitting the recorded interview of S.M.B. by
Dykes; (3) the tacit consent of the trial court in allowing interference of the
court proceedings by the district attorney’s investigator and the court’s
bailiff created an air of sympathy for S.B. (the victim’s mother) and for S.M.B.,
rising to the level of a silent comment on the weight of the evidence by the court;
and (4) the evidence is legally and factually insufficient to support
conviction.  After reviewing Maloy’s
points of error, we affirm his conviction.[2]

I.        BACKGROUND

 

            On August 8, 2007, S.M.B.’s
parents left her[3] and her
siblings in the care of their grandfather, Maloy, and Maloy’s mother.  While S.M.B. was playing a video game in
Maloy’s bedroom, Maloy pulled her shorts aside and licked her in the lower
private area and then licked her and touched her in the higher private area.[4]  After this, Maloy told S.M.B. that she would
like what he just did when she got older.  


            Later that
evening, S.M.B. told her mother, S.B., that “Paw-Paw [Maloy] pulled her shorts
and panties to the side and licked her.” 
S.B. knew that S.M.B. was talking about her female sexual organ from “the
way she talked, because she was kind of shaky and clammy.  She was afraid she would be in trouble.”  Upon further questioning of her daughter, S.B.
learned that Maloy had told S.M.B. that “You’ll like it when you’re older.”   S.B. went on to relate that S.M.B. had told
her that Maloy then pulled S.M.B.’s shirt up and licked her on the breast and
said, “You’ll also like this.”  When S.B.
questioned Maloy about this occurrence, Maloy denied the allegation.[5]  

            After having
confronted Maloy, an argument erupted among family members.  Aaron Hanna, a Hopkins County Sheriff’s
deputy, was dispatched to the home, where he took a statement from S.M.B.  Hanna’s report of the interview indicated that
S.M.B. told Hanna that Maloy pulled her shorts and panties aside and looked at
her. 

            Dykes, a
social worker and forensic interviewer for the Northeast Texas Child Advocacy
Center, conducted an interview with S.M.B. on August 23, 2007.  Dykes was called by the State to testify
about the information she learned upon interviewing S.M.B.[6]  While Dykes never offered in-court testimony
regarding what S.M.B. told her of the events of August 8, 2007,[7]
a video recording of Dykes’s interview with S.M.B. was admitted into evidence
over Maloy’s objection and was published to the jury.  The interview contained detailed information
about the events of the day in question.

            Maloy was
tried and convicted by a jury of aggravated sexual assault of a child and was
sentenced to twenty-eight years in the Texas Department of Criminal Justice.  Maloy was also convicted of two counts of
indecency with a child by sexual contact, for which he was sentenced to seven
and four years’ imprisonment, respectively. 
Each of the three sentences runs concurrently.  Maloy was also charged with two other
offenses[8]
involving S.M.B., of which Maloy was acquitted. 

II.        ANALYSIS

 

            A.       Dykes’s
Testimony Regarding the Interview With S.M.B.

 

            Maloy
broadly alleges that the trial court erred in allowing Dykes to testify about
her interview with S.M.B.  Maloy did not
dispute that Dykes was the proper outcry witness regarding events that occurred
prior to August 8, 2007 (to which no objection has ever been made by Maloy). We,
therefore, construe Maloy’s complaint on this issue to be confined to Dykes’s
testimony pertaining to S.M.B.’s statements describing the events of August 8,
2007.

            The first
question propounded to Dykes about the events of August 8 was whether S.M.B.
told her about the allegations against Maloy that occurred on that date.  No objection was made to this query; the
response was simply, “Yes, she did.”  Dykes
was then asked whether S.M.B. discussed those allegations in some detail.  Once again, there was no objection to the
question and the response was simply, “Yes.” 
Later, Dykes was asked (in connection with events that occurred prior to
August 8) if she was able to determine if the touching was playful or for
sexual gratification.  In response, Dykes
testified that S.M.B. stated that she did not like what Maloy did, but that “he
had made comments that she would like it when she was older.”  Upon hearing this testimony, Maloy objected in
relation to the statement that “she would enjoy it later on.”[9]
The trial court took the objection under advisement, but did not rule on
it.  

            We
review a trial court’s decision to admit or exclude evidence under an abuse of
discretion standard.  See Green v. State, 934 S.W.2d 92, 101–02
(Tex. Crim. App. 1996); Brown v. State,
189 S.W.3d 382, 385 (Tex. App.—Texarkana 2006, pet. ref’d).  In cases involving certain sex crimes against
children, Article 38.072 of the Texas Code of 
Criminal Procedure provides an exception to the hearsay rule for
testimony by “outcry witnesses” when specific requirements are met.  See Tex.
Code Crim. Proc. Ann. art. 38.072.  An outcry witness is the first person,
eighteen years of age or older, other than the defendant, to whom the child
victim made a statement about the offense.  Tex. Code
Crim. Proc. Ann. art. 38.072, § 2(a)(3). 


            Maloy
contended at trial and on appeal that Dykes was not a proper outcry witness to
the August 8 events because the child’s mother was the first person meeting the
statutory definition of an outcry witness to whom S.M.B. made a statement about
those events.  However, except for one
isolated comment, the testimony elicited from Dykes would not be prohibited by
the hearsay rule if given by her as a nonoutcry witness.  Further, Maloy did not obtain a ruling on his
objection pertaining to this.  In order to
preserve error in admitting evidence, a party must make a proper objection and secure
a ruling on that objection.   See Tex.
R. App. P. 33.1; Valle v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  To the extent such testimony could be
characterized as outcry testimony, any objections to the propriety of this
testimony were waived when Maloy failed to press to the point of obtaining an
adverse ruling on his objection relating to the events of August 8,
2007.  We find no abuse of discretion in
the admission of the referenced testimony, and therefore overrule this point of
error.

            B. 
Admission of the Recorded Interview 

 

            Maloy further complains that it was error to admit
the video recording of Dykes’s interview with S.M.B.  Again, Maloy asserts that Dykes was not the
proper “outcry witness” under Article 38.072 of the Texas Code of Criminal
Procedure because S.M.B. made specific allegations of sexual assault to S.B.
prior to her interview with Dykes.  

            It
is undisputed that S.M.B. made a statement about the incident to her mother, S.B.,
before she ever spoke with Dykes.[10]  The State provided notice that S.B. was the
proper outcry witness regarding the events of August 8, 2007, by filing the
notice required by Article 38.072
of the Texas Code of Criminal Procedure. 
In addition, the State provided notice pursuant to Article 38.072 that
Dykes was the proper outcry witness regarding events occurring prior to August
8, 2007.  The State neither contended at
trial nor on appeal that the video recording of Dykes’s interview with S.M.B.
was offered as outcry testimony. 
Instead, the recorded interview was admitted as a prior consistent
statement under Rule 801 of the Texas Rules of Evidence, which provides that a
statement is not hearsay if the declarant testifies at trial, is subject to
cross-examination concerning the statement, and the statement is

consistent with the declarant’s testimony and is
offered to rebut an express or implied charge against the declarant of recent
fabrication or improper influence or motive.

 

Tex. R. Evid.
801(e)(1)(B).

 

            The trial
court relied on Hammons v. State, 239
S.W.3d 798 (Tex. Crim. App. 2007), in concluding that the video recording was
admissible as a prior consistent statement. 
The Texas Court of Criminal Appeals in Hammons explained that:

[A] reviewing court, in assessing whether the
cross-examination of a witness makes an implied
charge of recent fabrication or improper motive, should focus on the “purpose
of the impeaching party, the surrounding circumstances, and the interpretation
put on them by the [trial] court.”  Courts may also consider clues from the voir
dire, opening statements, and closing arguments.  From the totality of the questioning, giving
deference to the trial judge’s assessment of tone, tenor, and demeanor, could a
reasonable trial judge conclude that the cross-examiner is mounting a charge of
recent fabrication or improper motive?  If
so, the trial judge does not abuse his discretion in admitting a prior
consistent statement that was made before any such motive to fabricate arose.  

 

Id. at 808–09. 

 

            As with most
evidentiary rulings, a trial court’s determination that a prior consistent
statement is admissible because the cross-examination suggested or implied an
assertion of recent fabrication or improper motive is reviewed only for an
abuse of discretion.  Id. at 804,
806.  The video recording was permitted
in evidence after the State assured the court that the testimony of the child
victim would be forthcoming.  As a result
of the sequence of introduction of evidence, the trial court was not provided the opportunity to determine whether
cross-examination suggested or implied an assertion of recent fabrication
because the video recording was introduced and published to the jury prior
to the time S.M.B. was cross-examined. 
Defense counsel objected to this chronology of introduction of evidence
as allowing the admission of hearsay, and correctly contended that “[I]t is not
a prior consistent statement, because the witness hasn’t testified yet . . . .”
Hammons explicitly requires a determination by the trial court of
whether the cross-examiner is mounting a charge of recent fabrication or
improper motive.  Id. at 808–09.  This determination is aided by the trial court’s
assessment of the tone, tenor, and demeanor of the witness, as well as the
totality of the questioning.  Id. 

            The recorded interview between Dykes
and S.M.B. failed to qualify as a prior consistent statement because S.M.B. had
not yet testified at the time the recorded statement was introduced.  We do not condone the procedure employed here
(i.e., the introduction of an alleged prior consistent statement on the promise
of future testimony from the declarant).[11]  By admitting the video recording into
evidence, the trial court allowed evidence into the record that was in
violation of the Texas Rules of Evidence. 
The ruling of the trial court is therefore outside the zone of
reasonable disagreement.  We, therefore,
conclude that the trial court erred by admitting the evidence.  

            Improper admission of hearsay
evidence amounts to nonconstitutional error. 
See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998);
Dunn v. State, 125 S.W.3d 610, 614 (Tex. App.—Texarkana 2003, no
pet.).  Any nonconstitutional error which
does not affect substantial rights must be disregarded.  See Tex.
R. App. P. 44.2(b).  We may not
reverse a defendant’s conviction for nonconstitutional error if, after
examining the record as a whole, we have a fair assurance that the error did
not have a substantial and injurious effect or influence in determining the
jury’s verdict.  Garcia v. State,
126 S.W.3d 921, 927 (Tex. Crim. App. 2004). 
In determining harm, we consider everything in the record, including any
testimony or physical evidence admitted for the jury’s consideration, the
nature of the evidence supporting the verdict, and the character of the alleged
error and how it might be considered in connection with other evidence in the
case.  Haley v. State, 173 S.W.3d
510, 518 (Tex. Crim. App. 2005).  We note
that S.M.B. testified later in the trial; her testimony essentially mirrored
the information in the recording.  

             In situations where an improperly admitted
video recording “essentially repeated the testimony” of the victim, when the
victim also testifies and the video recording is cumulative of the victim’s
properly admitted testimony on the same issue, courts often disregard the
error, reasoning that it could not have affected the appellant’s substantial
rights.  Dunn, 125 S.W.3d at 615 (citing Jensen v. State, 66
S.W.3d 528, 537 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d); Matz v.
State, 21 S.W.3d 911, 912
(Tex. App.—Fort Worth 2000, pet. ref’d) (op. on remand).  Such is the case here.  We find that, because S.M.B.’s testimony at
trial “essentially repeated” the statements contained in the recorded
interview, the erroneous admission of the recording does not affect Maloy’s
substantial rights and amounted to harmless error.  See Tex.
R. App. P. 44.2(b).  This point of
error is overruled.

            C.   Silent Comment on the Weight of the Evidence?

 

            While testifying, S.B. became
very emotional; an investigator with the district attorney’s office and the
courtroom bailiff both delivered tissues to her, these taking place without
leave of the court.  Maloy contends that
by permitting this to take place, the trial court made a silent comment on the
weight of the evidence.  Maloy objected
to this alleged display of sympathy or perhaps mere assistance:

Your Honor, I agreed to allow [S.B.] to be helped to the
chair by her husband, but this bringing officers out of - - in order to hand
her tissues and the bailiff handing her tissues is way more prejudicial as to
what it is, and I’d ask that, you know, unless there’s a specific problem, that
they keep their seat and not become a part of this proceeding.  . . . I’d ask the Court to instruct the jury
to disregard.

            

The trial court noted the
objection and determined that because S.B. had a box of tissues, there should
be no further movement; the objection was overruled. 

            Maloy
concedes that the emotions of the witness appeared to be an honest display of
pain and sorrow, and the reactions of the bailiff and the investigator were
genuine displays of empathy.  He
contends, however, that such displays of emotion created an environment that
was hostile to Maloy as being the one person in the room that caused the pain
and sorrow.  Consequently, Maloy
maintains that the court’s silence and hence, its tacit approval of such
displays of empathy, could convey to the jury the trial court’s opinion of the
testimony offered by S.B.  Said another
way, the failure of the court to intervene and admonish the two to refrain from
further interfering with the proceedings and its failure to instruct the jury
to disregard the display of sympathy could lend credibility to the testimony
offered by S.B.

            Maloy
contends the trial court’s ruling amounts to an impermissible “silent” comment
on the weight of the evidence in violation of Article 38.05 of the Texas Code
of Criminal Procedure. Article 38.05 provides: 

In ruling upon the admissibility of evidence,
the judge shall not discuss or comment upon the weight of the same or its
bearing in the case, but shall simply decide whether or not it is admissible;
nor shall he, at any stage of the proceeding previous to the return of the
verdict, make any remark calculated to convey to the jury his opinion of the
case.  

 

Tex. Code Crim. Proc.
Ann. art. 38.05 (Vernon 1979).  A
trial court improperly comments on the weight of the evidence if it makes a
statement that implies approval of the State’s argument, that indicates any disbelief
in the defense’s position, or that diminishes the credibility of the defense’s
approach to its case.  Clark v. State, 878 S.W.2d 224, 226 (Tex. App.—Dallas
1994, no pet.). 

            Here, no comments were made by the trial
court.  The court simply overruled an
objection made at the bench outside the hearing of the jury, as it had the
discretion to do.  Under the facts
presented, we decline to interpret the failure to sustain an objection as a comment
on the weight of the evidence.  S.B. was
distraught and wept during her testimony. 
Often, the nature of the matter being tried is filled with sadness and
pain and it would not be unusual or unexpected for a witness in like
circumstances to weep while testifying.  Maloy
complains that the offer of tissues to the weeping witness created an
environment that was hostile to Maloy as being the one person in the room that
caused the pain and sorrow.[12]  Such a conclusion does not withstand logic
and reason.  If any such environment
existed, that environment was not created by the mere offer of tissues.  The fact that a witness is unable to maintain
her composure while relating painful testimony is part and parcel of the nature
of a trial involving emotional circumstances. 
The jury is permitted to judge the credibility of the witness, and will
do so whether or not she weeps or is offered tissue.  The ruling of the trial court was within the
bounds of reasonable disagreement.  We
overrule this point of error.




 

            D.  The Evidence Is Legally and Factually
Sufficient to Support Conviction

 

            In his final point
of error, Maloy contends the evidence is legally and factually insufficient to
support his conviction of aggravated sexual assault and two counts of indecency
with a child by contact.

            We review the legal and factual sufficiency
of the evidence supporting a conviction under well-established standards.  In conducting a legal sufficiency review, we
consider the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of
the crime beyond a reasonable doubt.  Laster
v. State, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009).  We must give deference to “the responsibility
of the trier of fact to fairly resolve conflicts in testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.”  Hooper v. State, 214 S.W.3d 9, 13
(Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307,
318–19 (1979)).  We are not required to
determine whether we believe that the evidence at trial established guilt
beyond a reasonable doubt; rather, when faced with conflicting evidence, we
must presume that the trier of fact resolved any such conflict in favor of the
prosecution, and we must defer to that resolution.  State v. Turro, 867 S.W.2d 43, 47
(Tex. Crim. App. 1993) (en banc).  In
conducting a factual sufficiency review, we consider the evidence in a neutral
light.  Watson v. State, 204
S.W.3d 404, 414–15 (Tex. Crim. App. 2006). 

            We may find evidence factually
insufficient in two ways:  (1) the
evidence supporting the conviction is “too weak” to support the fact-finder’s
verdict, or (2) considering conflicting evidence, the fact-finder’s verdict is
against the great weight and preponderance of the evidence. Laster, 275
S.W.3d at 518.  In so doing, we may find
the evidence insufficient when necessary to prevent manifest injustice.  Id.  
Although we give less deference to the verdict in a factual sufficiency
review, we will not override the verdict simply because we disagree with
it.  Id.  Both legal and factual sufficiency are
measured by the elements of the offense as defined by a hypothetically-correct
jury charge.  Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997); see also Grotti v. State, 273
S.W.3d 273, 280 (Tex. Crim. App. 2008).

            Maloy attacks the evidence as being
legally and factually insufficient to support his conviction of aggravated
sexual assault, as alleged in count one of the indictment.  Count one alleges that Maloy caused the
female sexual organ of S.M.B., a child who was younger than fourteen and not
the spouse of the defendant, to contact the mouth of the defendant.[13]  S.B. testified that Maloy pulled S.M.B.’s
shorts and panties to the side and licked her.  S.B. further testified that she knew S.M.B.
was referring to her female sexual organ because of the “way she talked,
because she was kind of shaky and clammy. 
She was afraid she would be in trouble.” 


            We do not consider the testimony of S.B.
in a vacuum, aside from other evidence presented at trial.  In this regard, S.M.B. testified that “He
licked me down in the lower private area and then licked me in the higher
private area.”  Maloy told S.M.B. she was
going to like it when she got older. 
When asked if “private area” means the genital area, S.M.B.
unequivocally stated that was the area to which she made reference.  We find this evidence to be both legally and
factually sufficient to support Maloy’s conviction of aggravated sexual assault
of a child.

            Counts two and three of the
indictment allege that Maloy, with the intent to arouse or gratify the sexual
desire of the defendant, intentionally or knowingly engaged in sexual contact
with S.M.B. by (1) touching the breast of S.M.B. with the defendant’s mouth;
and (2) touching the breast of S.M.B. with the defendant’s hand.  While Maloy states in his brief that he
challenges the factual sufficiency of the evidence to support the elements of
the offense of indecency with a child, he fails to explain the basis of this
challenge and does not provide authority in support of this challenge.  

            Rule 38.1(i) of the Texas Rules of
Appellate Procedure requires that the brief “must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”  Tex. R. App. P. 38.1(i).  Because Maloy has failed to present argument
for his contention that the evidence is factually insufficient with respect to
the convictions based upon indecency with a child, this point of error has not
been adequately briefed.  See id.;
Rhoades v. State, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996)
(“It is incumbent upon counsel to cite specific legal authority and provide
legal argument based upon that authority.”).   We overrule Maloy’s legal and factual
sufficiency points of error.




 

            We affirm the judgment of the trial
court.  

 

 

 

 

                                                                                    Bailey
C. Moseley

                                                                                    Justice

 

Date Submitted:          June
30, 2010  

Date Decided:             July
9, 2010

 

Do Not Publish











[1]Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon Supp. 2009).

 





[2]The
initial judgment reflects a finding of guilt on the charge of aggravated sexual
assault of a child.  Tex. Penal Code Ann. § 22.021(a)(2)(b)
(Vernon Supp. 2009); the second and third judgments reflect a finding of guilt
on two separate charges of indecency with a child by sexual contact.  Tex.
Penal Code Ann. § 21.11(a)(1) (Vernon Supp. 2009).  

 





[3]S.M.B.’s
date of birth is September 27, 1996.  She
was ten years old at the time of the assault and twelve years old at the time
of trial.  

 





[4]S.M.B.
called the “lower private area” the genital area, where she uses the
bathroom.  S.M.B. defined the “higher
private area” as her breast.  

 





[5]During
this testimony, S.B. became very emotional, and the district attorney’s
investigator, Ron Mayberry, entered the bar from the gallery to deliver tissues
to her.  At the same time, the court’s
bailiff, John Hipkins, walked across the courtroom to hand tissues to S.B.

 





[6]Maloy
objected to the admission of outcry testimony regarding the events of August 8,
2007.  The trial court did not rule on
the objection; Maloy renewed his objection to Dykes’s testimony with respect to
the events of August 8, 2007.  The court
did not rule on the objection, but took it under advisement.  

 





[7]Dykes
was designated as an outcry witness for two allegations of indecency with a
child by contact that was alleged to have occurred prior to August 8,
2007.  Maloy was acquitted of these
additional charges.  

 





[8]These
had to do with events that occurred prior to August 8, 2007, in which it was
alleged that Maloy touched S.M.B.’s breast. 


 

 





[9]This
statement was expressly made in connection with the events of August 8, 2007. 





[10]The
outcry statement made to S.B. is outlined in the previous portion of this
opinion.  





[11]When
asked by the trial court if S.M.B. would testify, the State’s attorney stated,
“I give you my word, she will - - barring something totally unforeseen, but
it’s my intention to bring her forward tomorrow.” 





[12]As
something of an observation, one must wonder if it would evoke a more emotional
response on the part of the jury to have had people bringing the woman tissues
to blot her tears or whether it would have been more heart rending for the jury
to see the tears continue to stream down her cheeks unabated. 





[13]A
person commits the offense of aggravated sexual assault if the person
intentionally or knowingly causes the sexual organ of a child to contact or penetrate
the mouth, anus, or sexual organ of another person, including the actor.  Tex.
Penal Code Ann. § 22.021(a)(1)(B)(iii) (Vernon Supp. 2009).