

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00110-CR

DANIEL WAYNE BENSEND A/K/A          APPELLANT
DANIEL W. BENSEND

V.

THE STATE OF TEXAS                  STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

### Introduction

Appellant Daniel Wayne Bensend a/k/a Daniel W. Bensend appeals his conviction for sexual assault of a child younger than seventeen years of age, complaining in two points that the trial court erred by (1) admitting hearsay over

---

[1]*See* Tex. R. App. P. 47.4.

his objection and (2) allowing the prosecutor to comment on Appellant's failure to testify.  We affirm.

## Background Facts and Procedural History

Appellant was thirty-two years old when his next door neighbors confronted him about an incriminating note they had found that their sixteen-year old daughter had written to Appellant but not delivered.  He denied that anything had happened, but when the girl came home from work, she admitted that the two had engaged in sexual intercourse.  Her parents took her to the hospital for a sexual assault examination during which she told the nurse that she had had sex with Appellant.  Later, at Appellant's trial, the nurse testified over Appellant's objection that the girl had identified Appellant as the perpetrator.  The jury found Appellant guilty and assessed his punishment at two-and-a-half years' confinement.  The trial court sentenced Appellant accordingly.

### The complained-of testimony came in elsewhere without objection.

In his first point, Appellant complains of sexual assault nurse examiner Rebecca Sullivan's testimony that, during the sexual assault exam, the complainant told her that she had had sexual contact with Appellant.  Appellant objected at trial and now complains on appeal that testimony about his identity as the one with whom the complainant had sexual contact is hearsay for which the medical-diagnosis-or-treatment exception under rule of evidence 803(4) does not apply.  But the record shows that the complainant herself had previously testified to these same facts.  Even were we to agree with Appellant that the objected-to

2

testimony was hearsay for which an exception does not apply, we would have to disregard the error unless it affected Appellant's substantial rights. Tex. R. App. P. 44.2(b); *see* Tex. R. Evid. 103(a); *Garcia v. State*, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). It is well-established that the improper admission of evidence is not reversible error if the same facts are proved by other properly admitted evidence or come in elsewhere without objection. *Lozano v. State*, 359 S.W.3d 790, 823–24 (Tex. App—Fort Worth 2012, pet. ref'd); *Matz v. State*, 21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000, pet. ref'd); *see Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999), *cert. denied*, 528 U.S. 956 (1999); *Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (holding that "overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling"). We overrule Appellant's first point.

**Appellant forfeited his jury-argument claim.**

In his second point, Appellant complains of remarks made by the prosecutor during closing argument that Appellant contends were impermissible comments on his decision not to testify. He concedes that he did not object to these remarks at trial but claims that he did not need to because the error was "fundamental." He relies on *Willis v. State*, in which the court of criminal appeals carved out an exception when arguments are manifestly improper, violate some mandatory statute or inject harmful new facts into the case to the general rule requiring objections to preserve jury-argument errors. 785 S.W.2d 378, 385

3

(Tex. Crim. App. 1989), *cert. denied*, 496 U.S. 908 (1990). As the State correctly points out, though, *Willis* has not been the law for some time. *See Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) ("We overruled the exception discussed in *Willis* more than ten years ago."), *cert. denied*, 131 S. Ct. 905 (2011); *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (holding a "defendant's failure to object to a jury argument . . . forfeits his right to complain about the argument on appeal), *cert. denied*, 520 U.S. 1173 (1997). Appellant did not object to the argument of which he now complains on appeal. *Cockrell*, not *Willis*, controls in this case. *See Estrada*, 313 S.W.3d at 303; *Cockrell*, 933 S.W.2d at 89. We overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

LEE GABRIEL
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 11, 2012