COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00110-CR


 
 
 Daniel Wayne Bensend a/k/a Daniel W. Bensend
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
 
 
 
 
 The
 State of Texas
 
 
  
 
 
 STATE
 
 


----------

FROM THE 372nd
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Introduction

Appellant
Daniel Wayne Bensend a/k/a Daniel W. Bensend appeals his conviction for sexual
assault of a child younger than seventeen years of age, complaining in two
points that the trial court erred by (1) admitting hearsay over his objection and
(2) allowing the prosecutor to comment on Appellant’s failure to testify.  We
affirm.

Background
Facts and Procedural History

Appellant
was thirty-two years old when his next door neighbors confronted him about an
incriminating note they had found that their sixteen-year old daughter had
written to Appellant but not delivered.  He denied that anything had happened,
but when the girl came home from work, she admitted that the two had engaged in
sexual intercourse.  Her parents took her to the hospital for a sexual assault
examination during which she told the nurse that she had had sex with Appellant. 
Later, at Appellant’s trial, the nurse testified over Appellant’s objection that
the girl had identified Appellant as the perpetrator.  The jury found Appellant
guilty and assessed his punishment at two-and-a-half years’ confinement.  The
trial court sentenced Appellant accordingly.

The
complained-of testimony came in elsewhere without objection.

In
his first point, Appellant complains of sexual assault nurse examiner Rebecca
Sullivan’s testimony that, during the sexual assault exam, the complainant told
her that she had had sexual contact with Appellant.  Appellant objected at
trial and now complains on appeal that testimony about his identity as the one
with whom the complainant had sexual contact is hearsay for which the
medical-diagnosis-or-treatment exception under rule of evidence 803(4) does not
apply.  But the record shows that the complainant herself had previously
testified to these same facts.  Even were we to agree with Appellant that the
objected-to testimony was hearsay for which an exception does not apply, we
would have to disregard the error unless it affected Appellant’s substantial
rights.  Tex. R. App. P. 44.2(b); see Tex. R. Evid. 103(a); Garcia v.
State, 126 S.W.3d 921, 927 (Tex. Crim. App. 2004).  It is well-established
that the improper admission of evidence is not reversible error if the same
facts are proved by other properly admitted evidence or come in elsewhere without
objection.  Lozano v. State, 359 S.W.3d 790, 823–24 (Tex. App––Fort
Worth 2012, pet. ref’d); Matz v. State, 21 S.W.3d 911, 912 (Tex.
App.––Fort Worth 2000, pet. ref’d); see Brooks v. State, 990 S.W.2d 278,
287 (Tex. Crim. App. 1999), cert. denied, 528 U.S. 956 (1999); Leday
v. State, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (holding that
“overruling an objection to evidence will not result in reversal when other
such evidence was received without objection, either before or after the
complained-of ruling”).  We overrule Appellant’s first point.

Appellant
forfeited his jury-argument claim.

In
his second point, Appellant complains of remarks made by the prosecutor during
closing argument that Appellant contends were impermissible comments on his decision
not to testify.  He concedes that he did not object to these remarks at trial
but claims that he did not need to because the error was “fundamental.”  He
relies on Willis v. State, in which the court of criminal appeals carved
out an exception when arguments are manifestly improper, violate some mandatory
statute or inject harmful new facts into the case to the general rule requiring
objections to preserve jury-argument errors.  785 S.W.2d 378, 385 (Tex. Crim.
App. 1989), cert. denied, 496 U.S. 908 (1990).  As the State correctly
points out, though, Willis has not been the law for some time.  See
Estrada v. State, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (“We overruled
the exception discussed in Willis more than ten years ago.”), cert.
denied, 131 S. Ct. 905 (2011); Cockrell v. State, 933 S.W.2d 73, 89
(Tex. Crim. App. 1996) (holding a “defendant’s failure to object to a jury
argument . . . forfeits his right to complain about the argument on appeal), cert.
denied, 520 U.S. 1173 (1997).  Appellant did not object to the argument of
which he now complains on appeal.  Cockrell, not Willis, controls
in this case.  See Estrada, 313 S.W.3d at 303; Cockrell, 933
S.W.2d at 89.  We overrule Appellant’s second point.

Conclusion

Having
overruled both of Appellant’s points, we affirm the trial court’s judgment.

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
GARDNER,
WALKER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  October 11, 2012

 

 



 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00110-CR

 

 









 
 
 Daniel
 Wayne Bensend a/k/a Daniel W. Bensend
  
  
  
 v.
  
  
 The
 State of Texas
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From the 372nd District
 Court
  
 of
 Tarrant County (1189078D)
  
 October
 11, 2012
  
 Opinion
 by Justice Gabriel
  
 (nfp)
 
 


 

JUDGMENT

 

This
court has considered the record on appeal in this case and holds that there was
no error in the trial court’s judgment.  It is ordered that the judgment of the
trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS 








 

 

 

 

By_________________________________

   
Justice Lee Gabriel








 

 









[1]See Tex. R. App. P. 47.4.