

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00034-CR

———————————————————

BYRON COCHRAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1633543D

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

After Appellant Byron Cochran pleaded guilty to the felony offense of online solicitation of a minor in November 2021, the trial court found him guilty, sentenced him to eight years in prison, suspended his sentence, and placed him on community supervision for eight years. One of his community supervision terms was to commit no new criminal offenses. In December 2022, the State moved to revoke Cochran's community supervision, alleging that he had violated this term by committing family-violence assaults against his two sisters. After a revocation hearing, the trial court found the allegations true, revoked Cochran's community supervision, and sentenced him to eight years' confinement. In a single issue on appeal, Cochran argues that the trial court reversibly erred by admitting into evidence a recording of the 911 call made by one of his sisters. We will affirm.

## I. BACKGROUND

At the revocation hearing, Cochran stood mute, so the trial court entered a plea of "not true" to the allegations on his behalf. Officer Krosby De Lapp of the Fort Worth Police Department testified concerning her investigation of the assaults. She explained that the complainants were Cochran's sisters, Rosalyn and Rena. Rosalyn had called 911 and alleged that Cochran had assaulted the sisters at their home. De Lapp testified that, upon arriving at the scene, she found Rosalyn in an "emotional" and "fearful" state, with visible injuries on her forehead.

A portion of De Lapp's body-camera footage from the scene was admitted into evidence. In the footage, Rosalyn explained to De Lapp and another officer that Cochran had become angry "over some f***ing milk," had attacked her and Rena, and had damaged various pieces of personal property. Cochran then told the officers that his sisters had been the initial aggressors who punched and bit him after an argument about milk that Rosalyn had purchased for their father.

Rosalyn testified to a "tumultuous" relationship with Cochran. She said that the altercation involved a container of whole milk that Rosalyn had told Cochran was to be consumed only by their father for dietary reasons. She said that Cochran attempted to drink the milk anyway, and she had tried to prevent him from doing so. A scuffle ensued, during which Cochran struck and subdued both Rosalyn and Rena on the floor. Rosalyn eventually bit Cochran, which gave her the upper hand and caused him to release Rena. Roslyn then immediately called 911 because she was afraid that he might "do something else."[1]

The State then sought to introduce the 911 call into evidence. Cochran objected, arguing that the proper predicate had not been laid to admit the call and that it constituted inadmissible hearsay. On voir dire, Rosalyn acknowledged that she had listened to the State's exhibit containing the 911 call and that it contained a recording of the 911 call as she remembered it. But she could not testify as to the record-

---

[1]Rena also testified, confirming that the altercation had started after Rosalyn and Cochran argued about the milk and that Cochran then attacked the sisters.

keeping procedures within the Fort Worth Police Department. The trial court overruled the objections, and the 911 call was admitted into evidence.

The 911 call is less than three minutes long and contains the voices of Rosalyn and the 911 dispatcher. Rosalyn told the dispatcher that Cochran had "just attacked" her and her sister and that he had punched Rosalyn in the head. She described pain to her face and back but was unsure if anyone needed medical attention. She said that the altercation started when Cochran went to the kitchen "to mess with something I paid for and I told him 'no,'" and then Cochran knocked an item off of the wall. Rosalyn also identified Cochran to the dispatcher, described his clothing and current location in the home, stated that no weapons were used during the altercation, and implored the dispatcher to "hurry, please" in sending an officer to the home.

## II. DISCUSSION

In his sole issue, Cochran complains that the trial court reversibly erred in overruling his improper predicate and hearsay objections and admitting the 911 call into evidence. The State argues that the trial court did not err because Rosalyn properly authenticated the call and because the present-sense-impression and excited-utterance hearsay exceptions applied. Further, says the State, any error was harmless because the 911 call evidence was cumulative of other testimony from the revocation hearing.

Assuming without deciding that the trial court erred in admitting the 911 call, we hold that any such error was harmless. *See McCurley v. State*, 653 S.W.3d 477, 493

4

(Tex. App.—Fort Worth 2022, pet. ref'd) (assuming error without deciding and holding that any assumed error was harmless). Error in the admission of evidence is subject to a Rule 44.2(b) harm analysis. Tex. R. App. P. 44.2(b); *Matz v. State*, 21 S.W.3d 911, 912 (Tex. App.—Fort Worth 2000, pet. ref'd). Rule 44.2(b) requires that we disregard the error unless it affects a substantial right. Tex. R. App. P. 44.2(b). To determine whether an error implicated a substantial right in a nonjury proceeding, courts consider "whether a party had a right to that which the error denied." *Johnson v. State*, 72 S.W.3d 346, 348–49 (Tex. Crim. App. 2002).

"It is well-established that the improper admission of evidence does not constitute reversible error if the same facts are proved by other properly admitted evidence." *Matz*, 21 S.W.3d at 912 (citing *Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999). Here, the facts from the 911 call were also proved by other properly admitted evidence at the revocation hearing. In the call, Rosalyn told the dispatcher that (1) Cochran had attacked her and Rena, (2) the assault had started when Rosalyn told Cochran not to "mess with something" that Rosalyn had paid for, (3) Cochran had knocked an item from the wall, and (4) she was distraught and wanted the authorities to quickly respond to the scene. All of these facts were also properly admitted through De Lapp's, Rosalyn's, and Rena's testimony and De Lapp's body-camera footage.

### III. CONCLUSION

Accordingly, we hold that the 911 call was cumulative of other properly admitted evidence, rendering any assumed error harmless. Tex. R. App. P. 44.2(b). We overrule Cochran's sole issue on appeal and affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 26, 2023